[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] AMENDED MEMORANDUM OF DECISION
The plaintiff City of New Haven for and on behalf of the New Haven Board of Education on October 26, 2001 took by condemnation three parcels of real property known as 144 James Street, 148 James Street (corner of Exchange Street) and a .21 parcel of vacant land situated behind the properties, used for parking and storage, which were owned by the defendants Alan J. Spose and David D. Spose for the total sum of $486,000. The defendants appealed claiming that the plaintiff's assessment of damages was inadequate.
"The owner of land taken by condemnation is entitled to be paid just compensation . . . Conn. Const., art. I, § 11. The amount that constitutes just compensation is the market value of the condemned property when put to its highest and best use at the time of the taking. In determining market value, it is proper to consider all those elements which an owner or a prospective purchaser could reasonably urge as affecting the fair price of the land . . . The fair market value is the price that a willing buyer would pay a willing seller based on the highest and best possible use of the land assuming, of course, that a market exists for such optimum use. The highest and best use concept, chiefly employed as a starting point in estimating the value of real estate by appraisers, has to do with the use which will most likely produce the highest market value, greatest financial return, or the most profit from the use of a particular piece of real estate." (Internal quotation and citation omitted.) Robinson v. Westport, 222 Conn. 402, 405-06 (1992).
There is a substantial difference between the plaintiff's appraisal (Amodio) of the value of the property in the amount of $450,000 and the defendant's appraisal (Amadon) in the amount of $700,000. One of the differences between the two appraisals was the treatment of the second and third floors of 148 James Street (Exchange Street). Up until ten years ago, each floor had an apartment and were used for residential purposes.[1] Although residential use is prohibited, that use is CT Page 2446 permitted under the zoning regulations as a nonconforming use. Based upon the claim that the nonconforming use was abandoned, Amodio valued the second and third floors as storage space.
The defendant, David Spose testified that it was never his intention to abandon this nonconforming use. The zoning regulations clearly provide that "[t]he term abandonment as used herein, shall mean the voluntary discontinuation of a use when accompanied by an intent not to reestablish such use . . ." Section 67.C61(b), New Haven Zoning Code. Indeed, as of the date of condemnation, the plaintiff taxed the property as if the second and third floors were being used for residential purposes. The plaintiff cannot have it both ways. Surely, in this case the willing seller and buyer would take into account that for the expenditure of $36,000[2] the second and third floor apartments could be renovated and rented for residential purposes. The Court cannot accept Amodio's evaluation of the second and third floors wherein he assigned a nominal value of $5.00 per square foot.
Taking into consideration that the apartments would have been renovated in order for the property to be put to its highest and best use yielding additional annual income of $17,400, the Court finds that the buildings will produce operating income in the amount of $63,000. Applying a capitalization rate of .10, the Court determines the value of the property to be $630,000. From this sum, the costs of renovating the apartments in the amount of $36,000 must be deducted leaving a value, based on the income capitalization approach, in the amount of $594,000.
Taking into consideration recent comparable sales such as 530 East Street (3/7/2001) at $44.15 per square foot and 360 James Street (5/14/2001) at $44.02 per square foot and the value of the apartments, the court finds based on a sales comparison approach the property has a value of $750,000 less $36,000 for the renovation of the apartments or $714,000.
Taking both approaches into consideration, the Court finds the fair market value of the property taken by the plaintiff to be $700,000 less $36,000 for the renovation of the apartments or $664,000. Accordingly, the total damages awarded to the defendants Alan J. Spose and David D. Spose are $644,000 less $486,000 deposited with the clerk of the Court, in all $178,000.
The plaintiff argues that interest on the difference between the amount of the deposit and the award should be limited to the United States treasury bill rate provided in General Statutes § 37-3c which is applied when the Court fails to set a rate. The legislature made it CT Page 2447 crystal clear that the treasury bill rate was not binding on the Court, but, rather, that the Court set a "rate that is reasonable and just on the amount of compensation awarded." General Statutes § 37-3c.
In a case such as the present, where the Court finds that the condemning authority awarded damages equal to less than 75 percent of the fair market value of the property taken,[3] the treasury bill rate is not reasonable. Rather, the Court finds the legal rate, eight percent, is equitable. If the treasury bill rate, (that is, in this case, 1.99 percent per annum) were applied in cases such as this, condemning authorities would not have an incentive to determine fair compensation to be paid. Equally important, as a result of the plaintiff's attempt to short change the defendant by failing to establish fair compensation for the property taken, the defendants were required to pay legal fees and substantial costs for expert in this appeal, most of which are not recoverable.
In sum, the Court enters judgment in favor of the defendants Alan J. Spose and David D. Spose in the sum of $178,000 ($664,000 fair market value of the property less deposit of $486,000) plus taxable costs and interest at rate of eight percent per annum from October 16, 2001.
Robert I. Berdon, Judge Trial Referee